IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-374-D
No. 5:14-CV-263-D

| | |
|---|---|
| JAYME GLEN ELEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 5, 2014, Jayme Glen Eley ("Eley") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See [D.E. 42]. On May 15, 2014, Eley submitted a supplemental brief in support of his motion. See [D.E. 44]. On July 24, 2014, the government moved to dismiss Eley's section 2255 motion. See [D.E. 47, 48]. On August 12, 2014, Eley responded. See [D.E. 50]. As explained below, the court grants the government's motion to dismiss and dismisses Eley's section 2255 motion.

On December 21, 2011, a federal grand jury in the Eastern District of North Carolina indicted Eley and charged him with possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (counts one and three), and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (counts two and four). See [D.E. 1]. On February 24, 2012, Eley pleaded guilty, without a plea agreement, to all four counts. See [D.E. 20, 36]. On July 26, 2012, the court sentenced Eley to 60 months' imprisonment on counts one and three and 120 months' imprisonment on counts two and four, all to run concurrently. See [D.E. 31, 37]. The sentence represented an upward variance from the advisory guideline range calculated at sentencing of 85 to

105 months' imprisonment. Sentencing Tr. [D.E. 37] 6, 20–25.

Eley appealed and argued that the sentence (including the upward variance) was unreasonable. On April 2, 2013, the Fourth Circuit held that the court properly upwardly varied and that Eley's sentence was reasonable. See United States v. Eley, 517 F. App'x 140, 141 (4th Cir. 2013) (per curiam) (unpublished). Accordingly, the Fourth Circuit affirmed the sentence.

Eley asserts three claims for relief. First, Eley contends that the court erred in calculating his criminal history score and offense level. See [D.E. 42] 4; [D.E. 42-1] 3–15. Second, Eley contends that the court erred in varying up. See [D.E. 42] 5–6; [D.E. 42-1] 3, 7–15. Third, Eley argues that his sentence violates Descamps v. United States, 133 S. Ct. 2276 (2013); Alleyne v. United States, 133 S. Ct. 2151 (2013); United States v. Davis, 720 F.3d 215 (4th Cir. 2013); and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 42] 4. In his supplemental brief, Eley also attacks his sentence and cites Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). See [D.E. 44] 1–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion

2

to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Eley's argument concerning the court's calculation of his criminal history score and offense level, Eley procedurally defaulted the claim by failing to raise it on direct appeal. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003); see Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). To avoid this general rule, a defendant must show "actual innocence" or "cause and prejudice" resulting from the errors of which he complains. See, e.g., Bousley, 523 U.S. at 622–24; United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010). Eley does not plausibly allege either actual innocence or cause and prejudice. See, e.g., Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); Pettiford, 612 F.3d at 280, 284. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Eley's arguments concerning his offense level and criminal history score are not novel, and he does not allege ineffective assistance of counsel. Finally, Eley has not plausibly alleged "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id. Because there is no basis to excuse Eley's procedural default, Eley's attempt to challenge this court's calculation of his advisory guideline range fails.

3

Alternatively, Eley's challenge to the court's calculation of his advisory guideline range is not cognizable under section 2255. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Eley received a sentence that did not exceed the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); Mikalajunas, 186 F.3d at 495–96.

As for Eley's challenge to the upward variance, Eley raised this issue on direct appeal, and the Fourth Circuit rejected it. See Eley, 517 F. App'x at 141. Eley cannot use section 2255 to relitigate claims that the Fourth Circuit rejected on direct appeal. See United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

As for Eley's reliance on Descamps, Alleyne, and Davis, those three cases announced purely procedural rules that do not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–17 (2007) (describing framework used to analyze retroactivity on collateral review); United States v. Montes, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished) (holding that Descamps is not retroactively applicable to cases on collateral review); Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished) (same); Glover v. Fox, 550 F. App'x 592, 594–95 (10th Cir. 2013) (unpublished) (same); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases holding that Descamps is not retroactively applicable to cases on collateral review); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (holding that Alleyne is not retroactively applicable to cases on collateral review); see also In re Mazzio, 756 F.3d 487, 488, 2014 WL

4

2853722, at *2–3 (6th Cir. June 24, 2014) (same); United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014) (same); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (same); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam) (same); In re Kemper, 735 F. 3d 211, 212 (5th Cir. 2013) (per curiam) (same); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same); Lee v. United States, Nos. 7:07-CR-79-D, 7:11-CV-177-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) (unpublished) (holding that Davis "announced a purely procedural rule that is not retroactive on collateral review").

Alternatively, even if Descamps, Alleyne, and Davis applied retroactively to Eley, he would get no relief. In Descamps, the Supreme Court held that courts may not apply the modified categorical approach under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), when the defendant's underlying crime of conviction has a single indivisible set of elements. See Descamps, 133 S. Ct. at 2283–93. The court did not apply the ACCA to Eley. See Presentence Investigation Report ("PSR") ¶¶ 65, 72; Sentencing Tr. 6, 20–25. Thus, Descamps does not help Eley.

As for Alleyne, in Alleyne, the Supreme Court held that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155. The charges in Eley's indictment, however, did not subject him to a mandatory minimum sentence. Moreover, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, No. 12-4522, 2014 WL 2109806, at *11–12 & n.4 (4th Cir. May 21, 2014) (per curiam) (unpublished) (collecting cases);

5

United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, Alleyne does not help Eley.

As for Davis, in Davis, the Fourth Circuit held that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement in U.S.S.G. § 4B1.1. See Davis, 720 F.3d at 216. Eley, however, was not sentenced as a career offender. See PSR ¶¶ 65, 72; Sentencing Tr. 6, 20–25. Thus, Davis does not help Eley.

Finally, Whiteside and Simmons do not help Eley. As for Whiteside, on July 10, 2014, the Fourth Circuit granted rehearing en banc. See Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014). Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Furthermore, even if Whiteside had not been vacated, and even if it survives en banc review, it would not help Eley. In Whiteside, the panel majority permitted the claimant to file a petition under 28 U.S.C. § 2255 more than one year after his conviction became final in order to rely on Simmons to attack his designation as a career offender at sentencing. See Whiteside, 748 F.3d at 548. This court, however, did not designate Eley as a career offender at sentencing. Thus, even if Whiteside survives en banc review, it does not help Eley. Likewise, even after Simmons, Eley's predicate felony conviction for counts two and four remains a felony conviction. See PSR ¶ 17. Accordingly, Simmons does not help Eley.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and

6

that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Eley's section 2255 motion debatable. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 47], and DISMISSES Eley's section 2255 motion [D.E. 42]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 22 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge